## The People of the State of Illinois, Defendant in Error, v. Charles Buckman, Plaintiff in Error.

### Gen. No. 6,269. (Not to be reported in full.)

Error to the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed February 10, 1917.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Charles Buckman, defendant, charging him under section 239 of the Criminal Code (J. & A. ¶ 3892), with receiving stolen property. From a judgment of twenty-five dollars, fine and costs and confinement in the county jail, defendant brings error.

One Charles Eisentrager broke into the power house of the Western Sand & Gravel Company and stole some insulated copper wire, a brass lubricator, and a controller handle, burned the insulation off the wire, burned and broke the controller handle and the lubricator to prevent identification, and then took this property to the defendant and sold it. It was described in the indictment as forty pounds of copper wire of the value of eighteen cents per pound, one lubricator of the value of five dollars, one controller handle of the value of six dollars, five pounds of brass of the value of seventy-five cents.

The verdict was as follows:

"We the jury find the defendant, Charles Buckman, guilty of receiving stolen property, knowing the same to be stolen, for the defendant's own gain and to prevent the owner from again possessing the same, in manner and form as charged in the indictment and we further find from the evidence the value of the property so recovered to be Three Dollars and Fifty Cents.

And we further find from the evidence that the age of the defendant is forty years."
The word "recovered" should have been "receiving." The judgment as to confinement was that the defendant should be confined "from and after this date."

J. L. MURPHY, for plaintiff in error.

C. N. HOLLERICH, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 328*—*how verdict should be construed.* A verdict in a criminal case should be liberally construed and all reasonable intendments indulged in its support.

2. RECEIVING STOLEN GOODS, § 11*—*when verdict is sufficient.* A verdict in a prosecution for receiving stolen property stating that the jury found the defendant guilty of receiving stolen property knowing the same to be stolen, for the defendant's own gain and to prevent the owner from again possessing the same, in the manner and form as charged in the indictment, and that the value of the property so "recovered" was a certain sum, *held* to be sufficient.

3. CRIMINAL LAW, § 368*—*when judgment is erroneous.* A judgment on conviction under the Criminal Code fixing imprisonment to begin at the date of the judgment is erroneous.

4. CORPORATIONS, § 660*—*what is sufficient proof of existence.* Under the Criminal Code, sec. 486 (J. & A. ¶ 4127), proof of user as a corporation is competent evidence of legal existence, whether the corporation be a domestic or a foreign corporation.

5. RECEIVING STOLEN GOODS, § 9*—*what must be proved in prosecution for.* Under an indictment charging a party with receiving stolen property (J. & A. ¶ 3892), the number and value of the articles need not be proved unless it is a matter of description, but the article must be shown to have been of some value though not necessarily that charged in the indictment, and it is material whether the value is over or under fifteen dollars, but if found over or under that sum it is not material in what amount.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Buckman, 204 Ill. App. 53.

6. RECEIVING STOLEN GOODS, § 6*—*what does not constitute variance.* If a defendant is found guilty of receiving a part of stolen goods charged in the indictment, it would not be necessary, to support the judgment, to find him guilty also as to the remainder of the goods.

7. RECEIVING STOLEN GOODS, § 8*—*when admission of evidence as to prior sales of stolen property is proper.* While, in a prosecution for receiving stolen property, the admission of evidence of prior sales to the defendant of stolen property is erroneous unless it is also shown the defendant knew at the time it was stolen, there is such proof where it appears that the defendant had instructed the party who had stolen the property in question that if he got any insulated copper wire to burn it off so it could not be identified, and it makes harmless any error in specific proof as to the various items that had been purchased before the time in question, under an indictment for receiving stolen copper wire.

8. CRIMINAL LAW, § 315*—*when refusal of instruction on question of reasonable doubt is proper.* Refusal of an instruction on the question of reasonable doubt already covered by given instructions is not reversible error in a criminal case.

9. CRIMINAL LAW, § 311*—*when requested instruction properly refused.* It is not error to refuse to give, in a criminal case, an instruction as to the law in civil cases.

10. CRIMINAL LAW, § 122*—*when evidence of previous good character is admissible.* Evidence of good character is proper to be considered by the jury in connection with all other evidence in passing on the question of a defendant's guilt or innocence.

11. CRIMINAL LAW, § 280*—*when instruction on effect of evidence of previous good character is erroneous.* An instruction in a criminal case that in all doubtful cases evidence of previous good character is conclusive, in favor of the defendant, is erroneous.

12. RECEIVING STOLEN GOODS, § 10*—*when instruction not reversibly erroneous.* The use of the words "know and believe" in an instruction to the effect that if at the time the defendant under an indictment for receiving stolen property received it the circumstances presented were such as to have caused him to know and believe and that he did know and believe it was stolen, etc., it was not necessary he saw the property stolen or was told it was stolen, *held* not prejudicial error.

13. RECEIVING STOLEN GOODS, § 9*—*when fact that witness is a convicted thief is immaterial.* The fact that a witness was a convicted thief, *held* not material where his testimony was uncontradicted, and irrespective of it the evidence fully established the defendant's guilt, in a prosecution for receiving stolen property.

*See Illinois Notes Digest, Vols, XI to XV, and Cumulative Quarterly, same topic and section number.